Argued and submitted March 11, respondent's motion to dismiss appeal denied;
judgment modified in part May 12, 1993

In the Matter of the Marriage of

Jana ZEEDYK,
*Respondent,*
*and*

Lee LaRay SWANSTROM,
*Appellant.*

(D9008-66233; CA A75599)

852 P2d 210

Sharon A. Williams, Portland, argued the cause for appellant. With her on the brief were Dale R. Koch and Sorensen-Jolink, Trubo, Koch & McIlhenny, Portland.

Barry L. Adamson, Lake Oswego, argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, Richardson, Chief Judge,* and Durham, Judge.

RICHARDSON, C. J.

---

* Richardson, C. J., *vice* Riggs, J.

## RICHARDSON, C. J.

Husband appeals the portion of the dissolution judgment awarding wife spousal support of $4,500 per month for three years, $3,000 per month for two years, and $1,500 per month for 15 months.[1] We review *de novo* and modify the award of spousal support.

We first address wife's "Motion to Dismiss Husband's Appeal," which is contained in the body of her brief. She argues that, because husband made spousal support payments pending appeal, he accepted the terms of the judgment of dissolution and that precludes appellate review. Husband responds that we should deny wife's motion, because it was made in the body of her appellate brief, without proper certification and without proper notice to husband.

■ Although not directly a violation of the rules of appellate procedure, the practice of placing motions in the body of an appellate brief is discouraged. Such practice makes it difficult for appropriate preliminary and dispositive review of motions. Nevertheless, we consider the merits of the motion and reject wife's argument. Payment of spousal support pending appeal does not constitute "acquiescence" in the judgment that precludes our review.

We turn to the merits of husband's appeal. He argues that the trial court improperly considered the evidence of his actions during the marriage and awarded spousal support on

---

[1] The relevant portion of the judgment provides:

"6. *SPOUSAL SUPPORT*: Petitioner is awarded a judgment against Respondent as spousal support as follows:

"A. Beginning October 5, 1991, and continuing on the 5th day of each month thereafter, through and including September 5, 1994, in the amount of $4,500.00 per month;

"B. Beginning on October 5, 1994 and continuing on the 5th day of each month thereafter, through and including September 5, 1996, in the amount of $3,000.00 per month;

"C. Beginning October 5, 1996 and continuing on the 5th day of each month thereafter, through and including December 5, 1997, in the amount of $1,500.00 per month.

"D. These spousal support payments shall continue as set forth above or until Petitioner dies, whichever event shall first occur, or until further order of a court of competent jurisdiction. These payments shall be made directly to the Department of Human Resources, and Petitioner is entitled to the accounting, collection, distribution and enforcement services provided by the same."

the basis of fault. Wife testified that she had wanted children throughout the couple's seven-year marriage, a desire that was not shared by husband. Ultimately, he decided to have a vasectomy without telling her. The trial court found that the trauma wife suffered because of husband's actions directly and adversely affected her ability to work full time, and awarded spousal support accordingly.

We do not agree with husband that the trial court awarded support on the basis of fault. The court simply found that wife's earning capacity was diminished as a result of husband's actions. On *de novo* review, however, we find that a reduction of the spousal support award is warranted by the record.

Husband is a surgeon and wife is a clinical psychologist. During most of the marriage, wife worked full time. She testified that in 1988, before she began to work part time, she earned $56,500 annually. Husband worked full time as a resident at Emanuel Hospital in Portland and, since completion of his residency, has worked as a surgeon in the Portland area. His gross annual earnings were approximately $176,604.

Husband produced the only expert who testified about wife's mental condition. Dr. Colbach testified that wife had been emotionally upset by husband's decision to obtain a vasectomy, but that most individuals have a similar level of trauma due to the breakup of a marriage. He noted that wife's past marriage had been dissolved and that her mother was ill and dying. He opined that these events also affected her level of trauma. He testified further that, although wife would probably need extended therapy, she would be able to continue her clinical practice and had not suffered irreparable harm from the situation.

We find it significant that wife has been essentially self-supporting throughout the marriage. She brought extensive education and training to the marriage and did not financially support husband through medical school. The property division, which is not disputed, awarded wife the "long half" of the marital assets. Given wife's age, the length of marriage, the lack of children, and the comparison of the

parties' abilities to support themselves, we modify the trial court's award of spousal support.

Respondent's motion to dismiss appeal denied; paragraph 6 of judgment modified to read:

"6.   *SPOUSAL SUPPORT*: Petitioner is awarded judgment against respondent for spousal support as follows:

"A.   Beginning October 5, 1991, and continuing on the 5th day of each month thereafter, through and including September 5, 1993, in the amount of $4,500.00 per month;

"B.   Beginning October 5, 1993, and continuing on the 5th day of every month thereafter, through and including September 5, 1996, in the amount of $2,000.00 per month."

Paragraph 6, subsection C, deleted, and remainder of paragraph 6 retained; otherwise affirmed. No costs to either party.